JAMES PENNER, as Administrator, etc., of EDWARD R. PENNER, Deceased, Respondent, *v.* THE STATE OF NEW YORK, Appellant. (Claim No. 19048.)*

Fourth Department, October 5, 1932.

* Revg. 143 Misc. 840.

*John J. Bennett, Jr., Attorney-General* [*James H. Glavin, Jr., Deputy Assistant Attorney-General,* of counsel], for the appellant.

*Willard R. Pratt,* for the respondent.

PER CURIAM. Claimant has failed to show that the State was guilty of any negligence which caused the death of claimant's intestate. (1) There is no evidence that decedent's fall was due to any defect in the ladder, or that the decedent fell while he was on the ladder. An award cannot be founded on surmise or conjecture. (2) The intestate in going upon the roof and in taking down the flag was a volunteer and defendant owed him no affirmative duty. It was Clifford's duty to take down the colors and decedent was doing Clifford's work at the latter's request. Clifford had no authority to hire any one to do his work. The case is clearly distinguishable from *Ferro* v. *Sinsheimer Estate, Inc.* (256 N. Y. 398). In that case the superintendent, who had induced the plaintiff to assist in cleaning the cables of the elevator, had authority to employ other help, and had done so on various occasions; he had hired the plaintiff on other occasions to do odd jobs about the building. The superintendent testified that he received a salary of $2,700 per year, and out of that paid " the elevator operator and others."

All concur.

Judgment reversed on the law and facts, with costs, and claim dismissed, with costs.